[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
By writ, summons and complaint, dated June 10, 1992, the plaintiff, Helen Peacos, is seeking a dissolution of her marriage to the defendant Frederick Peacos, Jr. CT Page 2983
After a full trial, the parties present and represented by counsel, the court, based upon a preponderance of the credible, relevant and legally admissible evidence, finds, and, guided by the applicable law, concludes and rules as follows.
The plaintiff, whose maiden name was Helen Parmelee, and the defendant, were intermarried at Middletown, Connecticut on November 16, 1956, indicating a lengthy marriage of some 37 years.
The parties have resided in Connecticut continuously for one year next from the date of this complaint.
All three children, issue of this marriage, have attained their majority and no other children have been born to the plaintiff.
No government agency is contributing to the support of either party.
The marriage of the parties has broken down irretrievably without hope of reconciliation.
The court assigns fault to the defendant based on his reticence and his resultant ability to communicate with the plaintiff concerning financial matters of mutual concern of the parties. The fault, however, is not great, but, over the length of a long marriage, such as here, did become unbearable to the plaintiff.
Therefore, applying the criteria of General Statutes Sec. 46b-82 to the facts and circumstances of this case the court orders as follows:
The defendant is to pay to the plaintiff periodic alimony in the amount of $200.00 per week.
The defendant is to pay the cost of health insurance in the form of COBRA payments when the plaintiff is between employers, i.e. when she is eligible for same.
Each party shall be responsible for their own debts as indicated on their financial affidavits. CT Page 2984
The plaintiff is to retain her Hummell figurine collections, doll collections, pewter ware, jewelry and collector plates and the furniture in her possession.
Accordingly, judgment may enter dissolving the marriage and incorporating therein the order of the court.
SPALLONE, STATE TRIAL REFEREE
Judgment Entered in Accordance with Foregoing Memorandum of Decision.
/s/ Michael Kokoszka